**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3691
_____

UNITED STATES OF AMERICA

v.

MUHSIN HANIF ABDUR-RAHIIM,
a/k/a Darrell Gregory Hughes


Muhsin Hanif Abdur-Rahiim,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 11-cr-265)
District Judge:  Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 29, 2012
_____

Before:  SLOVITER, CHAGARES, and JORDAN, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed:  July 2, 2012)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Muhsin Hanif Abdur-Rahiim pled guilty to possession of contraband in a federal correctional facility following prison officials' discovery of a home-made knife that appeared to belong to him. Abdur-Rahiim's counsel has moved to withdraw his representation on the basis that there are no non-frivolous issues to raise on appeal. Abdur-Rahiim responded by filing a pro se brief. We will grant counsel's motion to withdraw and, finding that Abdur-Rahiim's pro se brief raises no meritorious arguments, we will affirm the District Court's judgment of conviction and sentence.

I.

Because we write exclusively for the parties, we provide only an abbreviated summary of the facts essential to our disposition. On April 19, 2011, Abdur-Rahiim pled guilty to one count of possession of contraband in a federal correctional facility, in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(3). These charges arose from the discovery of a home-made knife by prison officials at the Federal Correctional Institution at Fairton, New Jersey, where Abdur-Rahiim is presently incarcerated. Surveillance video showed that Abdur-Rahiim placed the chair, to which the knife was taped underneath, in a room used by inmates at the prison. Abdur-Rahiim admitted the knife belonged to him while being questioned by prison officials.

Under the terms of Abdur-Rahiim's plea agreement, he waived the right to challenge any sentence that was within the range prescribed by the United States Sentencing Guidelines (the "Guidelines"). Abdur-Rahiim's sentencing was held on September 21, 2011. The District Court determined that Abdur-Rahiim had a criminal

2

history score of III and the offense level was 11.  After careful consideration, the Court declined to issue the downward variance requested by Abdur-Rahiim's counsel.[1]  Abdur-Rahiim was sentenced to 12 months of imprisonment, the bottom end of the advisory Guidelines range of 12 to 18 months, to run consecutively to the sentence for which Abdur-Rahiim was initially incarcerated.

Abdur-Rahiim filed a timely notice of appeal on September 29, 2011.  On December 14, 2011, Abdur-Rahiim received a copy of his counsel's brief filed pursuant to Anders v. California, 386 U.S. 738 (1967),  in which defense counsel opined there are no non-frivolous grounds for appeal.  Abdur-Rahiim filed a pro se brief on April 20, 2012.  The Government has filed briefs in response to both defense counsel's Anders brief and the contentions made in Abdur-Rahiim's pro se brief.

## II.[2]

Counsel may seek to withdraw from representation if, after a thorough examination of the record, he or she is "persuaded that the appeal presents no issue of even arguable merit."  3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.").  Our inquiry of such a request is two-fold:  first, we ask whether counsel has thoroughly examined the record for

---

[1]  This downward variance was sought based on Abdur-Rahiim's "exceptional institutional adjustment, his fear of assault in prison[,] and the collateral punishment already imposed by the Bureau of Prisons as a result of his conduct."  Def. Counsel's Anders Br. at 4.

[2]  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

appealable issues and has adequately explained to the court why any such issues are frivolous; second, we ask whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). After a review of the Anders brief submitted in this case, we are convinced that Abdur-Rahiim's counsel has "thoroughly examined the record in search of appealable issues," id., and has adequately explained why any issues arguably supporting the appeal are frivolous.

Abdur-Rahiim has also filed a pro se brief in which he alleges: (1) his guilty plea was not knowing and voluntary, and several of his constitutional rights were violated, because he had been tricked into believing the surveillance video showed him committing the offense; (2) his counsel was ineffective for advising him to plead guilty given the ambiguity of the video evidence; and (3) the District Court erred by imposing a consecutive, rather than a concurrent, sentence. Abdur-Rahiim did not file a motion to withdraw his plea at the District Court level. Given the lack of a complete record, we are unable to consider his first claim. Similarly, the record is currently insufficient for us to consider Abdur-Rahiim's ineffective assistance of counsel claims. See United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991) (explaining that "[i]neffective assistance of counsel claims are not generally entertained on direct appeal" unless "the record is sufficient to allow determination" of such claims). Finally, our review of the record reveals that the District Court properly gave Abdur-Rahiim a consecutive sentence as mandated by 18 U.S.C. § 1791(c). We thus agree with defense counsel that the issues raised by Abdur-Rahiim are frivolous and that no other non-frivolous issues exist.

4

III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.